Our next case is case number 4-16-07-80, the people of the state of Illinois v. Eugene Riley. And for the appellant, we have Ms. Borland. And for the appellee, we have Mr. Sardinas. And he's just accompanied by Mr. Robinson. All right. You may proceed, counsel. Good morning, Your Honors. May it please the court, the testimony given at the evidentiary hearing below established that direct appeal appellate counsel ineffectively gave Eugene Riley advice that led Riley to dismiss his appeal. For that reason, post-conviction counsel was unreasonable in failing to amend Riley's post-conviction petition to state that claim. At the evidentiary hearing, appellate counsel testified that after reading the direct appeal record in this case, he identified nine potential issues. Three involved sentencing, five involved ineffective assistance of trial counsel, and one involved a $12.50 overcharge on the fines and fees order. He also said, however, that he told Riley that the only viable issue that could be raised on direct appeal without risking an increase in Riley's sentence was the $12.50 overcharge. He said Riley understood that a new sentencing hearing could occasion a substantially longer sentence and that the ineffective assistance claims he identified had to be raised at a post-conviction petition because a record needed to be made on strategy. With that advice, and with the additional advice that if Riley wanted to file a post-conviction petition, he should do so after the direct appeal was complete, appellate counsel said that Riley said, go ahead and dismiss it. I don't care about the $12.50, and I want to go on my ineffective assistance claims. That testimony revealed both prongs of Strickland to show that Riley forfeited his appeal due to ineffective assistance. Counsel, can we back up a little bit? The initial complaint was that my appellate counsel dismissed my case without my consent, right? It was essential, and that's what you take to read it. When you look closer at his claim and to start considering whether it was invited, what he said specifically was he filed a motion to dismiss my appeal under the guise that it was my consent when actually I wanted him to raise any available issues, or any issues that were available. And that's not totally different from how he. Well, at the hearing, your client basically conceded that he did tell him to dismiss it, right? He did concede, yes. Okay, and that's how you come up with the suggestion that counsel should have again amended the petition and then alleged that instead of saying that he dismissed it without my consent, that he gave me bad advice and caused me to dismiss it. I think that's a clarification where it's clear in the post-conviction petition, he's upset about the way his appeal was dismissed. Once it became clear that this was what happened, and both parties agreed essentially to this, and the trial court even recognized that it was related to his claim by addressing the advice given, yes, that's our position, that counsel should have amended it and explained why. So you're in the middle of a hearing, and the evidence is taking place, and you stop and write up a new petition, or are you asking to make the petition conform to the proof? I mean, this is an interesting concept, one that I've never really seen exercised before. Yeah, I don't know that he had to put it in writing. He could have asked to make an oral amendment, and can I argue this? He could have asked, you know, does the state want him to put it in writing? Can we take a recess? In the Watson case that we cited, the Illinois Supreme Court case about amendments, Justice Freeman wrote a concurrence just to clarify amendments can be made at any stage. So it is highly unusual. I've never seen a case either where they've amended the evidence you're hearing, but I think this is the case where that should have happened. And would you agree if we were to find that this was not the initial claim, that there is no obligation on post-conviction counsel to pursue claims that were not initially made? I think it's closely related to the claim. But if we find that it's not? Under Jennings, I would say you do have the authority to do that. To do what? To still say it was unreasonable for counsel to fail to amend it. Because Jennings was a case, it was this Court's decision, where the defendant argued post-plea, his trial counsel should have filed a motion to reconsider sentence and file a notice of appeal. Throughout the proceedings, it kind of became evident that there was possibly a disparate sentencing claim, and this Court recognized that it was unreasonable for counsel not to include that claim because it was so closely related. His petition showed he wanted to challenge his sentence, so for that reason, though counsel normally need not comb through the record, in this instance, it was essential to state his claim. And I would say here, where it's abundantly clear that Riley wanted to challenge the manner in which his appeal was dismissed. I guess I'm having a little trouble with that assertion, because if you say that he dismissed it without asking my permission or without my consent, I'm having difficulty agreeing that that's the same as, you know, he didn't give me good advice. I think, I mean, I just go back to, again, when we as lawyers, when I as a lawyer first read his post-conviction petition, I thought, too, he's saying that counsel didn't dismiss. When I went back and saw this invited error claim in the reply brief and I actually looked at what he said, I don't think it's that different. He filed the motion to dismiss under the guise that it was my wish to do so when I actually wanted him to raise claims. At the evidentiary hearing, he said, you can't do too much for me, so let's leave it alone. I wanted to dismiss it. If you can't do anything for it, you might as well go ahead and dismiss it. I think it's similar to a post-conviction petitioner stating the gist of what they know, and then once you flesh it out at the hearing, it became a little more clear. But, of course, he did identify this fines issue. Yes. And basically saying, just dismiss it then, I don't want to deal with it, I'm not going to worry about that, seems inconsistent with, I want you to do whatever you can for me, or I want you to pursue any claim possible. I think it kind of is the same thing. That's my position. He didn't care about the $12.50. He wants to raise his trial issues. And when counsel told him he couldn't do it, he said, go ahead and dismiss it. And if we look at counsel's advice, it was deficient, what he told him. First of all, he said this risk of sentencing on remand was entirely incorrect, because there is statute in the United States and Illinois and U.S. Supreme Court case law that you can't get a longer sentence on remand. That exists specifically to protect defendants from feeling chilled from raising sentencing claims. Here, counsel said, there's three sentencing claims. We've identified at least one. And so for him to allow Riley to believe that he could get a higher sentence and then forfeit those sentencing issues, which is what happened, was deficient. What about opposing counsel's representation that there still is the potential for getting, instead of the concurrent sentence, a consecutive sentence? Well, two things. First of all, appellate counsel himself never testified to that, so I'm not sure that's what his concern was. But if it was, I would say it wasn't valid. Consecutive sentences were not mandatory in this case. They were only permissible if the trial court made a specific finding on the record. So could the trial do that on remand? No, because he would have had to, that would have been based on, if there was new conduct occurring after the sentencing hearing, he could have made that finding. But there has never been any allegation that there was. But since the trial court did not make that finding at the first hearing, to suddenly impose consecutive sentencing would be a strong indication of judicial convictiveness, which is what the statute in the case law is intended to protect. And honestly, even if it were possible that that could happen, I know the state has cited cases where it has happened, I would maintain that in those cases the court was merely refashioning the original sentence it had already given, so that it was confirming this is what I believe to be proper. While my reasoning for getting there might have been wrong the first time, I still think that's the right sentence. Here it would have resulted in up to a 12-year increase if you didn't reduce the 12-year sentence. So that's vindictive. But even if the court could get away with that, the risk of that happening was almost nonexistent in this case. So to allow that to happen, because the trial court said the minimum even might have some merit in this case. So I don't think it would have happened. The advice counsel gave about ineffective assistance of trial claims was also deficient. Importantly, at the hearing, appellate counsel testified twice, and he confirmed in his letter to Riley, he never said anything about these claims being dependent on evidence outside the record. He said that they needed to be developed so that a record could be made on strategy. He said that twice at the hearing. The advice he gave to Riley was, in general, you have to raise these claims. So that is contrary to what Illinois law states. Illinois law states if you notice a claim on direct appeal record, which this is where counsel got these records, you have to raise it on direct appeal or else risk forfeiture. I certainly know that at the time that appellate counsel spoke to Riley, there certainly were many cases where claims were dismissed and deferred for post-conviction petitions. I don't believe it's quite as universal as the state maintains. We've cited some examples where it's been addressed on direct appeal, and I believe in Veatch itself they cited 33 examples since this court's decision in Koontz. That's a 27-year-old case. Thirty-three is not universal, but even accepting that is true. Is it a basis for counsel to make a statement about generally this is what you need to do? Because generally you also need to risk forfeiture, so I don't think it's a fair statement. In each of those 33 cases, appellate counsel was trying to raise the issue, and this court touched upon that when it addressed Veatch. It said that when the appellate court determines that a case is better suited for post-conviction proceedings, it should state in the opinion why, what questions need to be answered, and specifically say the defendant can file this in a post-conviction petition. So that talks about the importance of this being a case-by-case basis and letting it be the appellate court to decide. And here, the worst thing that could have happened, you try to raise it on direct appeal, and this court says, no, you can't raise it, it's better suited. It puts him in a much better position because he's protected. So particularly since counsel knew he wanted to raise those claims, it was ineffective not to just say you can raise them for the first time. That's patently incorrect advice. And then again, though, there is the sentencing issue notwithstanding that. Finally, the testimony given at the evidentiary hearing also showed prejudice from appellate counsel's advice. Importantly, in this context, prejudice is not measured by would the appeal have been successful. It's measured by has the defendant shown that but for the deficiency of his attorney, he would not have forfeited or, in this case, dismissed his appeal. Here, counsel could have easily met that standard, post-conviction counsel. Riley filed a notice of appeal, he filed post-trial motions. Flores, Ortega, and Edwards, the courts said that you should provide some explanation of claims, not to show you would have been successful, but just in furtherance of, hey, I had things I wanted to raise. We cited at least three claims. So prejudice could have easily been met in this case. So for these reasons, we would ask this court to reverse the denial of post-conviction relief to Riley and either remand for new second stage proceedings where this can be amended, or since the trial court did recognize it was related to his post-conviction claim and did address the advice given, this court can simply reverse that decision and then either reinstate Riley's direct appeal per the first district case we've cited in our brief or it can remand to the circuit court and allow him to file a late notice of appeal and to appoint counsel as this court has done in the past. So unless this court has further questions. Thank you, counsel. You'll have additional time on rebuttal if you desire. Mr. Sardinus? May it please the court. Counsel, good morning. My name is Benjamin Sardinus representing the Fourth District Appellate Prosecutor's Office in this case. In this case, the defendant claims that his post-conviction counsel violated Rule 651C for failing to amend the post-conviction petition during the evidentiary hearing once it became clear that the defendant had misrepresented the substance of his claim. The defendant then raises a host of new issues that should have been brought by post-conviction counsel at that time. Because the defendant falsely claimed that his appellate counsel withdrew his appeal without his consent from the time he filed his post-conviction petition to the time that he testified at the evidentiary hearing, he is invited to the very area that he complains of before this court and should be barred from raising that area. In the alternative, the claims the defendant raises in this appeal that should have been brought by post-conviction counsel that complains of appellate counsel's conduct would not have been meritorious for post-conviction counsel to bring. So therefore, it wouldn't have been reasonable for those to be brought at that point. So we ask that this court affirm the dismissal of the defendant's petition. As this court is well aware, defendants are entitled to reasonable levels of assistance when it comes to post-conviction petitions. The purpose of requiring post-conviction counsel to go through the Rule of 651C is to ensure that counsel shapes the claims in a way that's able to be stated in a proper legal form and is cognizable to the court and then present those at an evidentiary hearing. But when a defendant invites errors into his proceedings through his choice, he's precluded from raising those issues on direct. And I think that the court has gotten to the substance of that with Justice Wolde-White's questions about the difficulty of raising these things from the evidentiary hearing. I think that defendant counsel misstated a little bit about how the hearing went about. Counsel, I wanted to ask you, let's assume that we determined that he didn't cause this error, that he, you know, we're going to consider it. Is it the same or similar enough to his original claim? I mean, his original claim was that I was told, you know, I was never asked if I wanted to dismiss my appeal. He just dismissed it without my consent. Is that similar to the claim he's now making or the amendment that he wanted? No, Your Honor. We argue that in the brief. I think from the evidentiary hearing itself, you can see that that's plainly evident. On page 36 of the evidentiary hearing, volume 20, he specifically is asked that, do you believe that at a point in time did you consent to withdraw your appeal? And he says, no, that never happened. And then on page, I apologize, page 41 of the record, he then says, well, so you told Mr. Williams on the phone that you were willing to withdraw your appeal. And then he answers, you might as well go ahead and dismiss it because we don't have anything. That's a completely different statement of a claim to say, and I understand that the court might have issue in the sense of a complicated legal issue that a defendant might have a complicated legal claim. But this is just a factual distinction. There's a difference between saying, I told my counsel it was okay to withdraw my appeal and saying that he never gave his consent and that under his guise he withdrew his appeal, alleging a misconduct on behalf of the public counsel in this case. Those are two completely different claims in the state's view. So isn't his current claim, I agree to dismiss my appeal because he gave me bad advice. The bad advice led me to agree to dismiss my appeal. That is the defendant's position on appeal, Your Honor. And we would submit that if he had presented that, that argument could have gone before the court at that time. But instead he decided to misstate what happened in this case and allege misconduct by his attorney. And then up until the point in which the evidentiary hearing was occurring and he was testifying, up until the end of the hearing he was still maintaining that until the end. And then the trial court, upon being told that this claim was not factually based, then had the witness sit down and rendered its findings and its judgment on the petition. What's the state's position on whether you can amend at that third stage evidentiary hearing? Your Honor, through my research I was unable to find a case where during an evidentiary hearing this was amended. I think that if we're to judge it based on what would be reasonable in this case, and if the court were to put itself in the shoes of the appellate counsel, I think it would be reasonable for the appellate counsel to say, or post-commissioned counsel, I apologize, the post-commissioned counsel to say, my client has now just eviscerated the claim that we're bringing at the evidentiary hearing. The other two ineffective assistance claims, and I'd like to note post-commissioned counsel did amend the state other ineffective assistance claims that were dismissed before the hearing. All those claims have been dismissed. I need to get my client out of here because he's just misstated something throughout the entire time that he filed this petition up until he's actually testified. And I don't think it was unreasonable for the attorney to say, well, at that point the petition has been completed. And it's not true that the defendant doesn't have an avenue to bring these claims again. He can file a successive post-conviction petition and meet the standards at that point to bring those claims. He can ask for leave to file a successive post-conviction petition. Yes, Your Honor, he can ask for leave to file a successive post-conviction petition and meet those standards. But again, it is the defendant's choice in this case to not tell the truth that led to this eventuality. And it's unfair to say that post-commissioned counsel was unreasonable for not finding out that this was occurring in this case. On reply, defendant argues that invited error doesn't apply to post-commissioned petitions. And that once it became clear that it was his responsibility to amend, invited error does apply to post-commissions. While the state cited case doesn't specifically involve invited error within the post-commissioned proceeding, it's clear that that principle does apply. And of course, unreported cases have gone through that issue. And the court dismissed the appeal. On reply, defendant states that they had up to a final judgment to bring this amendment. The final judgment was rendered literally minutes after the defendant had already sat down and all the evidence had already been taken in and the credibility findings had been made. There was no time after the eminent jury hearing where there was any possibility for post-commissioned counsel to bring these claims the way that defendant asks. So, moving on, in the alternative, appellate counsel's advice regarding the prospect of a defendant's appeal was not unreasonable or prejudicial. And therefore, it was reasonable for post-commissioned counsel not to bring the claims that defendant now complains of on appeal. Defendant raises several claims that should have been brought, went to assert his ineffective assistance of counsel claims, whether he could receive a hardship sentence on remand, the need to challenge sufficiency of the evidence on direct appeal, and how the judge determined the basis of the defendant's sentence. As this Court is aware, strictly applies to all those. So the defendant must prove that the appellate counsel would have been, the performance fell below an objective standard of reasonableness and that it was prejudicial to his case. So appellate counsel's evaluations of the law were objectively reasonable in this case. The State lays out in its brief regarding defendants' ineffective assistance claims at the time. If the Court will allow, I would like to kind of review them on a general basis and then specifically what appellate counsel said in this case. The State of the law at the time is summarized in this Court's decision in Beach, which laid out a three-tier system for explaining ineffective assistance claims and when they should be brought, how they should be brought. In People v. Durgin, this Court cited U.S. Supreme Court precedent, which stated that collateral review was almost always preferable to a direct appeal in deciding these kinds of cases. And during that appeal, that was the State of the law at the time that defendant was considering his appeal and when appellate counsel was rendering his advice. Specifically, when it comes to this particular claim, this Court in Beach stated that in some rare cases at the time, trial counsel could, on the face of the record, be proven to be ineffective and that those claims could be brought on direct. The defendant cites three different cases on that issue. They are plainly evident on the record that they were misstatements. They were issues regarding letting in prior inconsistent statements, failing to object to prior inconsistent statements that were used as substantive evidence, not issuing jury instructions. None of that was at issue in this case. And one can tell not only from the post-conviction petition, but from the claims the defendant brings here regarding trial strategy about why there were stipulations in certain pieces of evidence. That doesn't fall within the kind of plainly on the face of the record ineffective assistance that would be brought on direct, or could be brought on direct appeal without having to go through the post-conviction process to develop a record. And as a factual matter, the defendant repeatedly misconstrues appellate counsel's testimony during the hearing. If you look to the record at page 51 and 68, in response to questions about the ineffective assistance claims, appellate counsel lays out that he had reviewed the record and had seen in this case that it was inappropriate to bring these on direct appeal and that an evidentiary record would need to be developed. Defendant's assertion is that he made a blanket statement that ineffective assistance claims can never be brought. It's just factually incorrect. And I would submit also that the defendant in their main brief adopts the truthfulness of the statements of appellate counsel during this hearing and the credibility and determinations of the trial court at that point. So unless the defendant wants to start questioning that, if the defendant begins to question the credibility of that and the truthfulness of those statements, then anything that hinges on that would be for a manifestly unreasonable standard to apply to that. Regarding sentencing, the state lays out in its brief a possible way that the defendant could have received a longer sentence at that point. It's also our contention that when one reviews the record, it seems that appellate counsel was also just considering that the defendant in this case had received a lenient sentence for the crimes he had committed, two Class X felonies, for which he only received 18 years of actual prison time. I think that appellate counsel in this case did what this court would have requested of appellate counsel. He reviewed the record. He saw that there were issues that could have been unmeritoriously raised. It was likely that this court would simply just deny those and said that he should go through the post-commission route because that was the most likely way that his particular claims could have been brought before court and adjudicated fairly for the defendant. Defendant was not prejudiced by any of the advice he received from appellate counsel as well. Prejudice exists where there's a reasonable probability that but for the unprofessional conduct that the defendant would have been successful. As an initial note, the defendant on reply argues that he was per se prejudiced by losing his right to a direct appeal. People v. Moore, which is the side of cases the defendant uses on reply, deals with an attorney who didn't actually submit a brief in that case rather than receiving the consent of his client to dismiss the appeal. So those are factually different cases and the defendant would have a different claim to bring if that were the case. The State rests on its arguments regarding the sufficiency of the evidence. We think it's plainly evident that appellate counsel wouldn't have been able to win on those issues and post-commission counsel wasn't incorrect for not raising those. If the court has any questions about those specifically. And finally, the State would just like to address the arguments regarding reinstatement of the direct appeal. It's the State's position that regardless of where the court comes out regarding the post-commission petition, that it would be inappropriate to reinstate the appeal. That the only remedy available would be to remand back to the post-commission court to then go through stage three hearings at that point. And we side case law in our brief that goes over that. So if the court has no further questions, we'd ask that you would affirm the dismissal of the post-commission petition. Thank you, counsel. Any rebuttal, Ms. Borland? First, I would like to say that we don't deny that Riley did go back and forth on exactly what happened. Sometimes he said, I never told him I wanted to consent. Other times he said exactly what appellate counsel ended up saying at the evidentiary hearing. And I think that's our contention. Ultimately, they did agree. It was clear in the post-conviction petition that Riley wanted to challenge the loss of his appeal. That's a fundamental right. So it was incumbent in this case on post-conviction counsel, this is his last chance to get back his appeal to then amend the petition since it was closely related to that claim. And I would say invited error is typically found when a defendant proceeds in one proceeding in one manner and then goes to the next proceeding. The example would be the Carter case cited in the state's brief where the defendant did not want an involuntary manslaughter instruction at trial. And then on appeal, he said the trial court should have given that sua sponte. That's not what occurred here. This is all one proceeding. When Riley got up to testify and explain himself, he explained everything in a manner almost entirely consistent with appellate counsel, except on collateral points, of course, what they discussed. But essentially why the appeal was dismissed, they agreed. So we would argue invited error does not apply here. And I believe the case that the state is citing, they didn't say, I think it's Kane, where they think they're referencing that invited error has been found in PC petitions. That was actually a 214-01 petition, and you don't get appointed counsel in those claims. So what you put in your petition stands. Post-conviction Hearing Act, you get counsel specifically to amend your petition to state what is necessary. So that would be the difference there. I touched on this a bit already, so I'll be brief. When you have lost an appeal, you don't measure by the successfulness of the claims that could have been raised. In fact, the Illinois Supreme Court in Edwards specifically reversed the trial court's decision because it had found that the claims raised by the defendant would not have been successful. And we're not arguing per se prejudice. We are arguing that prejudice occurs because he would not have dismissed his appeal but for this advice. And then the final thing, every time that the appellate counsel spoke, he certainly did say about the claims of ineffective assistance of counsel, he certainly said it was based on his review of this record. But he also followed it up every time by saying, because there has to be a record on strategy. And in many cases, such as Simpson, the Illinois Supreme Court, the court said when you cannot envision a strategic purpose for a claim, you don't have to develop a record in that regard. So if he had said these were based on new evidence needed to be cited, like an example would be, counsel should have filed a different motion to suppress and you needed to know different things, like why did the police arrest him, that kind of stuff, that's automatically proper for a post-conviction petition. But when it's just strategy, but the claim itself depends on record, then it should be raised on direct appeal. So thank you. Thank you.